UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CR-20026-RAR

UNITED STATES OF AMERICA

vs.

RANDY ASNALDO PEREZ RUANO,

    Defendant.
_____/

### ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

**THIS CAUSE** comes before the Court on Defendant Randy Asnaldo Perez Ruano's *Pro Se* Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) ("Motion"), [ECF No. 284]. The Court having carefully reviewed the Motion, the United States' Response in Opposition ("Response"), [ECF No. 287], Defendant's Response to Government's Opposition ("Reply"), [ECF No. 289], the record, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion is **DENIED** as set forth herein.

### BACKGROUND

On February 7, 2019 Randy Asnaldo Perez Ruano ("Defendant") was brought before Magistrate Judge Edwin G. Torres, [ECF No. 2], on the basis of a Criminal Complaint alleging federal drug trafficking charges, [ECF No. 1]. On April 26, 2019, a federal grand jury returned a four-count fourth superseding indictment charging Defendant with the following crimes: (1) conspiracy to import five kilograms or more of cocaine; (2) importation of five kilograms or more of cocaine; (3) conspiracy to possess with the intent to distribute five kilograms or more of cocaine; (4) and possession with the intent to distribute five kilograms or more of cocaine ("Indictment"), [ECF No. 39]. On May 28, 2019, Defendant entered a guilty plea as to Count One of the Indictment for conspiracy to import five kilograms or more of cocaine, in violation of 21 U.S.C. § 963. [ECF

No. 134].  Defendant's sentencing range under the Sentencing Guidelines was calculated as 108–135 months, [ECF No. 215] ¶ 85, a calculation with which Defendant agreed in his Objections to the Presentence Investigation Report ("PSI"), [ECF No. 199] at 3.  At sentencing, Judge Federico Moreno granted a downward variance and imposed a sentence of 96 months' imprisonment to be followed by a term of ten years of supervised release.  [ECF No. 238].

On August 22, 2023, Defendant filed this Motion, seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A).  [ECF No 284].  In his Motion, Defendant argues: (1) his sentence is disparate compared to that of his co-conspirators; (2) he is entitled to a sentence reduction for his cooperation with the Government pursuant to Fed. R. Crim P. 35; (3) he is entitled to a sentence reduction based on his good conduct before the commission of the offense and since being incarcerated; and (4) his sentence should be reduced based on the physical and mental impact the COVID-19 pandemic had on incarcerated individuals like himself.  Mot. at 8.

## LEGAL STANDARD

A district court may modify a term of imprisonment "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf."  18 U.S.C. § 3582(c)(1)(A).  The court may, after considering the factors set forth in 18 U.S.C. 3553(a), reduce the term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction," provided that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  *Id*.

Section 604 of the 2018 First Step Act expanded "who [could] file a Section 3582(c)(1)(A) motion" to allow for defendant-filed motions when previously, only the Bureau of Prisons ("BOP") could file them.  *See United States v. Bryant*, 996 F.3d 1243, 1258–59 (11th Cir. 2021).

However, Congress "chose not to lift its stricture that courts must follow the [Sentencing] Commission's applicable policy statements when ruling on [§ 3582(c)(1)(A) compassionate release] motions." *Id.* at 1259.

In this Circuit, the categories for "extraordinary and compelling reasons" are delineated in § 1B1.13 of the U.S.S.G. Policy Statement and are applicable to all § 3582(c)(1)(A) motions, whether filed by the BOP or by a defendant directly. *Id.* As such, courts in this Circuit do not have discretion to develop their own interpretations of "extraordinary and compelling reasons" to justify a reduction in a defendant's sentence. *See id.* at 1248. Accordingly, the Court must look to § 1B1.13 to determine whether extraordinary and compelling circumstances exist. *See United States v. Thompson*, No. 17-CR-60152, 2021 WL 5999422, at *3 (S.D. Fla. Dec. 20, 2021).

A defendant bears the burden of establishing that compassionate release is warranted. *See United States v. Colonna*, 535 F. Supp. 3d 1291, 1297 (S.D. Fla. 2021); *see also United States v. Heromin*, No. 11-55033, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) (assigning defendant burden of proof after the implementation of the First Step Act). Accordingly, to be entitled to relief under section 3582(c)(1)(A), a defendant must meet the exhaustion requirement and demonstrate that "extraordinary and compelling reasons" warrant a reduction of his sentence.

## ANALYSIS

Defendant has failed to exhaust his administrative remedies, and even if the Court were to find exhaustion, he has failed to establish "extraordinary and compelling reasons" for compassionate release. Accordingly, Defendant's request for a sentence reduction must be denied. The Court will address each issue in turn.

### I. *Defendant Has Failed to Exhaust Administrative Remedies*

A review of the record indicates that Defendant has not exhausted his administrative

remedies. The First Step Act amended § 3582(c)(1) to permit a court to consider a defendant's motion for compassionate release following the exhaustion of his or her administrative remedies with the BOP or 30 days after submitting a request to the appropriate warden, whichever is sooner:

> **Modification of an imposed term of imprisonment.** – The court may not modify a term of imprisonment once it has been imposed except that . . . the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has **fully exhausted all administrative rights** to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the **lapse of 30 days** from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, **may reduce the term of imprisonment** . . . .

18 U.S.C. § 3582(c)(1)(A) (emphasis added). This exhaustion requirement is not jurisdictional, but it is a claim-processing rule. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). Thus, it is mandatory in the sense that a court must enforce the rule if a party properly raises it. *Id.*

Here, the Government has properly raised the issue, noting that Defendant "has neither alleged that he has filed any application for a reduction in sentence to the warden of the facility where he is incarcerated on any of the grounds he raises in his motion, nor demonstrated by filing exhibits or evidence, or otherwise shown that he has exhausted all administrative remedies." Resp. at 6. The Court agrees. Defendant neither avers nor attaches any evidence that he properly exhausted all administrative remedies before filing this Motion. *See United States v. Bolino*, No. 06-0806, 2020 WL 32461, at *1 (E.D.N.Y. Jan. 2, 2020) (explaining that courts have held a defendant must submit some proof that he exhausted his administrative remedies, "such as the warden's denial, proof of an appeal, or the BOP's final agency action").

Because Defendant has neither alleged nor demonstrated that he submitted his request through the proper administrative channels before filing this Motion, he has also necessarily failed to meet 18 U.S.C. § 3582(c)(1)(A)'s pre-conditions for self-filing. Specifically, before self-filing,

§ 3582(c)(1)(A) requires a defendant to first "**fully exhaust all administrative rights** to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf **or** [demonstrate] the **lapse of 30 days** from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A) (emphasis added). And although some courts have waived the exhaustion requirement in cases of exigent circumstances, *see United States v. Vigna*, 455 F. Supp. 3d 68, 74 (S.D.N.Y. 2020) (collecting cases), Defendant also fails to raise any qualifying exigent circumstances here. Accordingly, because Defendant has failed to demonstrate that he satisfied § 3582(c)(1)(A)'s administrative remedies requirement before filing this Motion, his request for a reduction in sentence must be denied. *See, e.g.*, *United States v. Mariano*, No. 14-20406, 2020 WL 5235736, at *3 (S.D. Fla. Sept. 2, 2020); *United States v. Zywotko*, 612 F. Supp. 3d 1335, 1336 (S.D. Fla. 2020).

### *II. Defendant Has Failed to Present Extraordinary and Compelling Reasons for Release*

Even if Defendant had exhausted his administrative remedies, he has nonetheless failed to demonstrate any extraordinary and compelling reasons warranting a sentence reduction and/or compassionate release. Defendant broadly relies on four reasons he claims warrant a sentence reduction here: (1) his sentence is disparate compared to that of his co-conspirators and their relative level of culpability; (2) his cooperation with the Government pursuant to Fed. R. Crim. P. 35; (3) his good conduct before the commission of the offense and since being incarcerated; and (4) the general physical and mental impact of the COVID-19 pandemic on incarcerated individuals like himself. *See* Mot. at 2–9.

Before addressing Defendant's reasons, the Court restates the relevant law in this Circuit governing compassionate release motions. First, categories for "extraordinary and compelling reasons" are delineated in § 1B1.13 of the U.S.S.G. Policy Statement and are applicable to all

§ 3582(c)(1)(A) motions, whether filed by the BOP or by a defendant directly. *Bryant*, 996 F.3d at 1259. As such, courts in this Circuit do not have discretion to develop their own interpretations of "extraordinary and compelling reasons" to justify a reduction in a defendant's sentence. *See id.* at 1248. Accordingly, the Court must look to § 1B1.13 to determine whether extraordinary and compelling circumstances exist. *See United States v. Thompson*, No. 17-CR-60152, 2021 WL 5999422, at *3 (S.D. Fla. Dec. 20, 2021).

Second, the Application Notes to § 1B1.13 delineate four situations constituting "extraordinary and compelling circumstances" for the purposes of § 3582(c)(1)(A): 1(A) Medical Condition of the defendant; 1(B) Age of the defendant (at least 65 years old); 1(C) Family Circumstances; and 1(D) Other Reasons. The Eleventh Circuit has also made clear that the open-ended "Other Reasons" category in Application Note 1(D) is limited to extraordinary and compelling reasons identified by the BOP and cannot function as a catch-all category for district courts to rely on when granting defendant-filed compassionate release motions. *See Bryant*, 996 F.3d at 1262–65; *see also United States v. Giron*, 15 F.4th 1343, 1347 (11th Cir. 2021) ("We held in *Bryant* that this language precluded district courts from finding extraordinary and compelling reasons within the catch-all provision beyond those specified by the Sentencing Commission in Section 1B1.13."). The Court must therefore only consider whether Defendant here has demonstrated an extraordinary and compelling reason identified in Application Notes 1(A)–(C). *See Bryant*, 996 F.3d at 1263. With these principles in mind, the Court now turns to Defendant's four reasons.

### 1. Disparate Sentence

Defendant first argues that his sentence should be reduced based on alleged disparities between his sentence and the sentences of other participants in the drug trafficking activities for

which he pleaded guilty and was sentenced. Mot at 2–5. But as the Government rightly notes, neither § 1B1.13 of the U.S.S.G. Policy Statement nor the Application Notes to § 1B1.13 currently contemplate sentencing disparities, real or imaginary, as a permissible extraordinary and compelling basis upon which to base a sentence reduction under § 3582(c)(1)(A). Indeed, in *Bryant*, the Eleventh Circuit explicitly rejected this argument. *Bryant*, 996 F.3d at 1263–65 (rejecting defendant's argument that his sentence was unfairly disparate compared to that of his co-conspirators and qualified as an extraordinary and compelling reason under § 1B1.13). Accordingly, Defendant's argument for a reduced sentence based upon alleged sentencing disparities fails.

### 2. Cooperation under Fed. R. Crim. P. 35

Next, Defendant claims his sentence should be reduced pursuant to Rule 35 because he cooperated with the Government. Mot. at 5–7. Cooperation is not an extraordinary and compelling reason warranting a sentence reduction under § 3582(c)(1)(A) nor U.S.S.G. § 1B1.13. Under 18 U.S.C. § 3582(c)(1)(B), however, Congress did grant district courts the power to reduce a sentence based on a defendant's cooperation with the Government. Specifically, § 3582(c)(1)(B) provides:

> the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure . . . .

18 U.S.C. § 3582(c)(1)(B). And Rule 35, in relevant part, provides:

> Upon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person.

Fed. R. Crim. P. 35(b)(1). If the Government files a motion to reduce a sentence more than one year after sentencing, the court may still reduce a sentence based on substantial assistance as long as any one of three specific conditions is also met. *See* Fed. R. Crim. P. 35(b)(2)(A)–(C).

These are the only two statutorily permitted avenues for the court to reduce a sentence under Rule 35. And under either provision, the court's authority to reduce a sentence is statutorily contingent upon the *Government* filing the required motion. There is no provision under Rule 35 for a defendant to file a motion seeking a sentence reduction based on cooperation, nor is the Court given authority to do so absent a motion by the Government. *See id*.

The Supreme Court has held that Fed. R. Crim. P. 35(b)(1) gives the Government "a power, not a duty, to file a motion when a defendant has substantially assisted." *United States v. McNeese*, 547 F.3d 1307, 1308–09 (11th Cir. 2008) (citing *Wade v. United States*, 504 U.S. 181, 185 (1992)). The Supreme Court has also held that the Government's discretion is such that federal district courts may review the Government's refusal to file a substantial-assistance motion only if the defendant first makes a "substantial threshold showing" that the refusal was based upon an unconstitutional motive, such as the defendant's race or religion. *Id.* (citing *Wade,* 504 U.S. at 185–86). Accordingly, the Eleventh Circuit has held that the Government's refusal to file a substantial-assistance motion based on motivations other than the defendant's provision of substantial assistance does not rise to the level of unconstitutional motive under the Supreme Court's standard articulated in *Wade*. *See id*. at 1308–09 (citing *United States v. Nealy*, 232 F.3d 825, 831 (11th Cir. 2000)).

Here, the Government exercised its discretion in refusing to file a substantial assistance motion under Rule 35 on Defendant's behalf, and Defendant has not alleged any unconstitutional motive for the Government's exercise of that discretion. The Government avers that, in its judgment, none of the information Defendant provided in cooperation with the Government constituted substantial assistance to the investigation or prosecution of another person. Resp. at 9. Moreover, Defendant's Motion fails to make the required "substantial threshold showing," that the

Government's refusal to file a substantial-assistance motion on his behalf was based on any unconstitutional motive. Accordingly, Defendant's argument for a sentence reduction based upon Rule 35 fails.

### 3. Good Conduct

Defendant's third argument is that his sentence should be reduced because of his good conduct prior to his conviction as well as his good behavior and rehabilitation since being incarcerated. Mot. at 1, 7. But good conduct before or after conviction does not currently qualify as an extraordinary and compelling reason warranting a sentence reduction under § 3582(c)(1)(A)(i) or U.S.S.G. § 1B1.13 and therefore fails.

As to Defendant's claim that his good conduct prior to conviction warrants a sentence reduction, Defendant's criminal history and background were set forth in the Presentence Investigation Report ("PSI"), [ECF No. 215], and available to the Court at the time of sentencing. With respect to Defendant's claim that his good conduct and rehabilitation since incarceration warrant a sentence reduction, U.S.S.G. § 1B1.13 explicitly rejects such a suggestion: "[P]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason . . . ." U.S.S.G. § 1B1.13 cmt. n.3; *United States v. Guyton*, 859 F. App'x 435, 437 (11th Cir. 2021) ("A defendant's rehabilitation, by itself, is not an extraordinary and compelling reason under the policy statement."). The Eleventh Circuit also explicitly rejected a nearly identical rehabilitation argument in *Bryant*. *See Bryant*, 996 F.3d at 1251, 1263–65 (rejecting defendant's argument that the district court should have considered his "good record of rehabilitation in prison" as an extraordinary and compelling reason warranting a sentence reduction via the "catch-all" provision in Application Note 1(D)). Consequently, Defendant's good conduct argument fails.

### *4. COVID-19 Impact*

Finally, Defendant argues his sentence should be reduced due to the stressful conditions of his confinement during the COVID-19 pandemic. Mot. at 7–9. In support of this argument, Defendant relies upon the fact that he and "thousands of inmates across the country" spent many months confined for 24 hours in their cells and that this quarantine "greatly affected people and harmed them both physically and mentally." *Id*. at 7. The Court does not dispute the COVID-19 pandemic's disproportionately challenging impact upon incarcerated individuals like Defendant. But without more, these difficulties do not rise to the level of extraordinary and compelling circumstances and therefore do not justify a sentence reduction.

Defendant's argument on this point fails for multiple reasons. First, neither the COVID-19 pandemic nor the associated challenges it has undeniably caused for incarcerated individuals are among the extraordinary and compelling circumstances delineated in § 3582(c)(1)(A)(i) or § 1B1.13. Second, while it is true that under certain circumstances, an individual suffering from complications associated with contracting COVID-19 might have a colorable argument under § 1B1.13's Application Note 1(A) "Medical Condition," Defendant has adduced no evidence in support of the claim that he qualifies as such an individual. Indeed, Defendant has failed to specifically allege or provide any evidence whatsoever that he has suffered any specific physical or mental complications or negative health effects related to the COVID-19 pandemic. He has put forth no evidence that he had or currently has COVID-19 or that he is afflicted by any other illness or condition putting him at special risk from COVID-19. Defendant's vague, generalized allegations of "physical and mental wear" resulting from the COVID-19 pandemic plainly do not rise to the level of extraordinary and compelling reasons to justify a sentence reduction under § 3582(c)(1)(A)(i) and § 1B1.13. Finally, other federal courts responding to similar arguments

have roundly rejected them. *See*, *e.g.*, *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("The mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive professional efforts to curtail the virus's spread."). Accordingly, Defendant has not demonstrated that the generalized challenges related to the COVID-19 pandemic warrant a sentence reduction under current applicable law.

### III. The Court Need Not Analyze the § 3553(a) Factors Here

Because Defendant has not cleared the § 3582(c)(1)(A)(i) threshold for "extraordinary and compelling reasons" to reduce his sentence, the Court need not analyze the 18 U.S.C § 3553(a) factors. *See* 18 U.S.C. § 3582(c)(1)(A). Only when eligibility for compassionate release is established does a court have to determine whether "the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Bryant*, 996 F.3d at 1251 (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)).

### CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendant Randy Asnaldo Perez Ruano's *Pro Se* Motion for Compassionate Release filed pursuant to 18 U.S.C. § 3582(c)(1)(A), [ECF No. 284], is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 28th day of October, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**