**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 19-CR-20026-RAR**

**UNITED STATES OF AMERICA**

vs.

**RANDY ASNALDO PEREZ RUANO,**

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION**

**THIS CAUSE** comes before the Court on Defendant Randy Asnaldo Perez Ruano's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) ("Motion"), [ECF No. 300]. The Court having carefully reviewed the Motion; the United States' Response in Opposition ("Response"), [ECF No. 301]; Defendant's Reply in Support ("Reply"), [ECF No. 302]; the record; and being otherwise fully advised, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion is **DENIED** as set forth herein.

Defendant's Motion seeks a sentence reduction pursuant to the United States Sentencing Commission's recently promulgated Amendment 821, which mandates a retroactive, two-level reduction to the offense levels for certain qualifying, low-level, non-violent offenders with minimal criminal histories. *See* U.S.S.G. § 4C1.1. But here, although Defendant qualifies for the zero-point offender adjustment, the Court finds the 18 U.S.C. § 3553(a) factors militate against further reduction of Defendant's sentence.

On May 28, 2019, Defendant pleaded guilty to conspiracy to import five (5) kilograms or more of cocaine in violation of 21 U.S.C. § 963, [ECF Nos. 134–135]. As part of his plea agreement, the Defendant also signed a factual proffer stipulating that he was directly involved in a drug smuggling conspiracy that had shipped or attempted to ship a multi-hundred-kilogram load of cocaine into South Florida from South America. *See* Ruano Factual Proffer ("Proffer"), [ECF

No. 136] at 1–2.  Prior to sentencing, the Court set Defendant's adjusted offense level at 31 with a criminal history category of I, yielding a sentencing guideline range of 108 to 135 months' imprisonment.  *See* Ruano Revised Presentence Investigation Report ("PSR"), [ECF No. 215] at ¶ 85.  Notably, the crime to which Defendant pleaded guilty carried a minimum mandatory sentence of ten (10) years, which Defendant avoided because he met the criteria for safety valve relief under 18 U.S.C. § 3553(f)(1)-(5).  Therefore, the mandatory minimum did not apply.  PSR ¶ 87. At sentencing on August 5, 2019, the Court varied downward and imposed a sentence of 96 months' imprisonment—12 months below the low end of the guidelines—followed by ten years' supervised release.  [ECF No. 238].

"[A] motion to modify an otherwise final judgment pursuant to § 3582(c)(2) is a limited and narrow exception to the rule that final judgments are not to be modified."  *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) (cleaned up).  Specifically, § 3582(c)(2) provides that "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is *consistent with applicable policy statements issued by the Sentencing Commission*."  18 U.S.C. § 3582(c)(2) (emphasis added).

Thus, under § 3582(c)(2), the Court must undertake a two-step process to determine whether a final sentence should be modified based on an original sentencing range that appears to have been subsequently lowered by the Sentencing Commission.  *See Dillon v. United States*, 560 U.S. 817, 825–26 (2010).  First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guidelines range and whether a reduction is consistent with the applicable policy statements.  *See United States v. Barbieri*, No. 18-20060, 2023 WL 8472741, at *2 (S.D. Fla. Dec. 6, 2023).  Second, the Court must consider the 18 U.S.C.

§ 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence. *Id.*

The applicable retroactive amendment here is Amendment 821's zero-point offender adjustment, which lays out a set of ten criteria that a defendant must meet in order to qualify for the two-level reduction. *See* U.S.S.G. § 4C1.1.  But as noted above, even if a defendant is eligible for relief under § 3582(c)(2), the Court must then determine if it will exercise its discretion to reduce a defendant's sentence after it has considered the § 3553(a) factors, *Dillon*, 560 U.S. at 826–27, and "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment." U.S.S.G. § 1B1.10 cmt. n.1(B). The § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

Turning to Defendant's Motion, although Defendant Ruano meets each of U.S.S.G. § 4C1.1's ten criteria, the § 3553(a) factors militate against further reduction of his sentence.  For one, the Court finds the nature and circumstances of the offense here—namely, Defendant's direct involvement in a large-scale international drug smuggling conspiracy and enterprise, *see generally* Proffer—demonstrates a high level of criminal intent, planning, and determination.   Indeed,

Defendant admitted to playing a key logistical role in the conspiracy, serving as a conduit connecting suppliers, transporters, and distributors.  *See generally* Proffer.

Second, the Court notes that Defendant narrowly avoided a ten-year minimum mandatory sentence through the application of the safety valve, and he already received the benefit of a 12-month downward variance from the 108-month low-end of his original guidelines range. Accordingly, the 96-month sentence Defendant received would fall in the middle of the adjusted guidelines range were the Court to incorporate the zero-point offender reduction.

Thus, after considering the scale of the international drug distribution conspiracy in which Defendant admitted his integral involvement, the conspiracy's successful distribution of over 150 kilograms of cocaine into the community before interdiction, Proffer at 3, and the relevant § 3553(a) factors, the Court finds that a sentence of 96 months appropriately reflects the seriousness of the offense, promotes respect for the law, provides just punishment for the offense, and affords adequate specific and general deterrence to serious criminal conduct of this nature.  Accordingly, Defendant's Motion, [ECF No. 300], is **DENIED.**

**DONE AND ORDERED** in Miami, Florida, this 2nd day of April, 2024.

_____
 **RODOLFO A. RUIZ II**
 **UNITED STATES DISTRICT JUDGE**